[Civ. No. 9409. First Appellate District, Division One.—February 27, 1936.]

ALWIN WILFERT, Appellant, v. HARRY E. PETERS, Respondent.

Alfred Nelson, Rupert R. Ryan and Jos. J. Yovino Young for Appellant.

Hartley F. Peart, Gus L. Baraty, Tinning & DeLap and Howard Hassard for Respondent.

THE COURT.—An action for damages in which the defendant was charged with malpractice. The averment was denied, and it was alleged that plaintiff's failure to follow defendant's instructions proximately contributed to his in-

jury. A jury returned a verdict for the defendant, and the plaintiff has appealed from the judgment entered thereon.

The sufficiency of the evidence to support the verdict is conceded, but it is contended that certain of the court's instructions were prejudicially erroneous.

The jury was fully and correctly instructed on the subjects of contributory negligence, the burden of proof and proximate cause, but in instructions which followed the court, referring to the contributory negligence rule, omitted to state that such negligence in order to bar a recovery must have proximately contributed to the damage complained of; and with respect to the *quantum* of proof necessary in this connection used the word "satisfaction". As part of another instruction it was stated that the plaintiff must prove want of contributory negligence. These instructions were, as held in cases cited by plaintiff, erroneous; and in several instances such errors were in the circumstances considered sufficient to justify a reversal. After an examination of the whole record, however, and in view of the fact that the jury was correctly instructed as to the rules mentioned, we are not convinced that the errors complained of were prejudicial to a degree which fairly supports the conclusion that there was a miscarriage of justice.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1936.